815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GOLDMAN'S INC., AND DIXIE ENTERPRISES, INC., d/b/a
Goldman's, Respondents.
 No. 86-6041.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1987.
 
 1
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and PORTER, Senior District Judge*.
 
 ORDER
 
 2
 This cause was submitted upon the application of the . National Labor Relations Board for summary entry of a judgment against Respondent, Goldman's Inc., and Dixie Enterprises, Inc., ( d/b/a Goldman's, their officers, agents, successors, and ( assigns, enforcing its order dated 4 December 1984, in Case Nos. 9-CA-17864 and 9-CA-18533, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND AJUDGED by the court that the Respondents, Goldman's Inc., and Dixie Enterprises, Inc., d/b/a Goldman's, their officers, agents, successors, and assigns shall:
 
 1. Cease and desist from:
 
 4
 (a) Failing to sign the 90-day extension agreement of November 22, 1981; .
 
 
 5
 (b) Failing to meet with the Union and bargain collectively with it as the exclusive collective-bargaining representative of the employees in the unit found appropriate;
 
 
 6
 (c) Failing to provide the Union with the information (requested by it on September 21, 1981 and May 28, 1982;
 
 
 7
 (d) Failing adhere to the terms of the 1980-81 collective-bargaining agreement, as extended to March 28, 1982;
 
 
 8
 (e) In any manner, interfering with, restraining or coercing employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 9
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 10
 (a) Upon the Union's request, reduce to writing and sign the terms of the oral 90-day extension agreement of . November 22, 1981;
 
 
 11
 (b) Upon the Union's request, meet and bargain collectively in good faith with it over the wages, hours, working conditions and other terms and conditions of employment of the employees in the bargaining unit found appropriate in the Administrative Law Judge's Decision., and, if agreements are reached reduce them to writing and sign them;
 
 
 12
 (c) Provide the union with all information requested by it on September 21, 1981 and May 28, 1982;
 
 
 13
 (d) Pay to the Union all pension and health and welfare . . fund contributions provided in the 1980-81 collective-bargaining agreement, as extended to March 28, 1982, in accordance with the formula described in the "Remedy" section of the Administrative Law Judge's Decision;
 
 
 14
 (e) Pay to the affected employees, all sums due them under the accrued vacation, layoff pay and all other provisions of the 1980-81 collective-bargaining agreement, as extended to March 28, 1982, by which employees might be entitled to monetary remuneration as a result of the employers' abrogation of the terms of that contract, in accordance with the formula described in the "Remedy" section of the Administrative Law Judge's Decision;
 
 
 15
 (f) Preserve, and on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of benefit fund contributions and backpay due under the terms of this Judgment;
 
 
 16
 (g) Post at the Dayton, Ohio facility copies of the attached notice marked "Appendix." Copies of said notice, on forms provided by the Regional Director for Region 9, of the National Labor Relations Board (Cincinnati, Ohio), after being duly signed by an authorized representative of the Respondents shall be posted by the employers immediately upon receipt thereof, and maintained for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 The record shows the affected employees may no longer be at work at their former locations and it is questionable whether any of the corporate Respondents is currently operative. In order to ensure that the message of the notice is effectively conveyed to the employees affected, I conclude it is desirable to provide assurances they are made aware of its terms. Accordingly, the "Appendix" shall be prepared by the Regional Director in sufficient numbers to permit mailing to each unit employee. Such notice shall be forwarded by the Regional Director to the Respondents. Within 5 days of receipt thereof, the Respondents shall mail a copy of the notice to each of its employees in the unit on their payroll on November 22, 1981. Upon completion of such mailing, the Respondents shall forthwith submit to the Regional Director a list of the names and addresses of the employees to whom the notice was mailed, together with a certification signed by an authorized representative of each employer that the Respondents have complied with the mailing provisions of this Judgment. LeRoy Fantasies, Inc. and Hardwicks's Plum, Inc., d/b/a Maxwell's Plum, 256 NLRB 211.
 
 
 18
 (h) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondents have taken to comply herewith.
 
 
 
 *
 The Honorable David S. Porter, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation